IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS D. MOSS**, ) | |
| ) | |
| Plaintiff, ) | Civil No. **07-322-JPG-CJP** |
| ) | |
| V. ) | |
| ) | |
| **BOBBIE G. JONES**, ) | TRIAL DATE: **August 18, 2008** |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

The above-captioned action pertains to a motor vehicle accident. Before the Court is defendant Bobbie G. Jones' motion to quash the subpoenas and notice of records depositions of the custodians of medical records for Anderson Hospital and Laughlin Ambulance, relative to records related to defendant Jones "for the date of service." **(Doc. 53).** Defendant Jones asserts that he is the defendant and *his* physical condition is not at issue in this case. Defendant further asserts the request is overly broad and intrusive, particularly since the subpoena is not limited in scope or time.

Plaintiff contends defendant's denial of fault in the accident at issue, and claim of comparative fault open the door to discovery of defendant's medical records. **(Doc. 56).** More specifically, plaintiff argues:

> Defendant was charged with improper lane usage, pled guilty to this charge arising from this collision and admits in his deposition he never saw plaintiff's oncoming vehicle. But when defendant deposed the investigating police officer it was established defendant told the officer plaintiff was turning onto Old Troy Road. Defendant's version of the accident has changed and his ability to visualize are very much in issue based on defendant's deposition, the police report and

1

> pleadings.
>
> In defendant's deposition and in defendant's discovery answers defendant acknowledged an eye impairment which obscured his vision.

**(Doc. 56, p. 1).** Plaintiff further contends the medical and ambulance records for the date of the accident are needed to explore what statements plaintiff may have made about the accident.

In reply, defendant contends he only revealed an eye condition– macular degeneration– upon questioning by plaintiff; he has never stated his eye condition caused or contributed to the accident. Defendant characterizes the subpoenas as a fishing expedition. **(Doc. 62).**

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).**

Defendant Jones' eye condition is clearly relevant to an assessment of fault and/or contributory fault for the accident, and any statements made to ambulance or medical personnel about the accident would be similarly relevant. Presumably, the hospital and ambulance company's records only pertain to the date of the accident, but that may not be the case. Therefore, as drafted, the subpoenas are overly broad. Plaintiff should redraft the subpoenas to specify the date(s) of treatment and transport related to the accident.

Insofar as the Court has found defendant's eye condition relevant for discovery purposes, the Court strongly suggests the parties confer in an effort to determine whether that information can be conveyed without further involving the Court.

**IT IS THEREFORE ORDERED** that defendant's motion to quash the quash the subpoenas and notice of records depositions of the custodians of medical records for Anderson Hospital and Laughlin Ambulance **(Doc. 53)** is **GRANTED**. The custodians of records for Anderson Hospital and Laughlin Ambulance need not comply with the subpoenas and notices demanding production of records on February 29, 2008.

**IT IS SO ORDERED.**

**DATED: February 27, 2008**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**