IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS D. MOSS**, | ) |
| | ) |
| Plaintiff, | ) Civil No. **07-322-JPG-CJP** |
| | ) |
| V. | ) |
| | ) |
| **BOBBIE G. JONES**, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

The above-captioned action pertains to a motor vehicle accident whereby plaintiff Julius Moss sustained injuries. Before the Court is defendant Bobbie G. Jones' motion to compel plaintiff Moss to submit to physical examination by Dr. Richard Katz on March 5, 2008, pursuant to Federal Rule of Civil Procedure 35. **(Doc. 55).** By all accounts, at this juncture plaintiff has agreed to attend the examination as scheduled; the sole remaining issue being whether plaintiff's counsel or another person– even a court reporter– may attend the examination. **(Doc. 64).** Plaintiff cites 735 ILCS 5/2-1003(d), which permits counsel or another person to attend such an examination **(Doc. 64)**, while defendant replies that allowing counsel or a court reporter to attend will obstruct and compromise the procedure provided for by Federal Rule of Civil Procedure 35 **(Doc. 65)**.

As a preliminary matter, the parties are commended for resolving the majority of issues related to the examination of plaintiff without Court intervention.

The Federal Rules of Civil Procedure apply in all cases filed in federal court, regardless

1

of the basis for subject matter jurisdiction. ***Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007).** Therefore, the fact that state law would permit plaintiff's counsel or a court reporter to attend the examination by Dr. Katz is irrelevant. Federal Rule of Civil Procedure 35 does not address the issue. The rule provides only that the examiner renders a report of the examination. There is no suggestion that plaintiff has any need for assistance during the examination. There is no apparent cause for interjecting plaintiff's counsel or any other person into the examination setting; to do so would risk the integrity of the examination and possibly cause the situation to take on an adversarial air.

**IT IS THEREFORE ORDERED** that defendant's motion to compel plaintiff Julius D. Moss to submit to examination by Dr. Richard Katz on March 5, 2003 **(Doc. 55)** is **GRANTED**, in that plaintiff Moss shall attend the examination per the notice propounded by defendant; no others shall attend and/or participate in the examination– not plaintiff's counsel, a court reporter or any other person. In accordance with Federal Rule of Civil Procedure 35, Dr. Katz's report of the examination shall be provided to defendant and plaintiff as soon as it is available.

**IT IS SO ORDERED.**

**DATED: March 4, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE**