UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS D. MOSS,<br><br>      Plaintiff,<br><br>v.<br><br>BOBBIE G. JONES,<br><br>      Defendant. | Case No. 07-cv-322-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Julius D. Moss's ("Moss") motion for partial summary judgment on the issue of liability (Doc. 15). Defendant Bobbie G. Jones ("Jones") has responded (Docs. 21 & 22), and Moss has replied to that response (Doc. 26). Both parties have supplemented their briefs (Docs. 54 & 61). The Court will disregard the supplemental briefings because it does not permit sur-reply briefs. *See* Local Rule 7.1(c).

The Court also considers Jones's motion to supplement the record with a deposition (Doc. 28), to which Moss does not object, and Moss's motion for leave to file that same deposition (Doc. 50).

**I.    Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, No. 06-4125, 2008 WL 746842 (7th Cir. Mar. 21, 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to

the motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

## II.     Facts

This case arises out of an automobile accident at an intersection in Madison County, Illinois, on February 26, 2007.  It is undisputed that defendant Jones was traveling northbound on Old Troy Road near the intersection of Old Troy Road and Glen Crossing Road and was attempting to make a left turn to head westbound on Glen Crossing Road when he had a head-on collision with plaintiff Moss in the southbound lane of Old Troy Road.  There is a dispute of fact whether Moss was traveling southbound on Old Troy Road the entire time or was traveling eastbound on Glen Crossing Road and turning right, or south, on Old Troy Road at the moment of impact.  Moss testified he was heading southbound on Old Troy Road the entire time, Jones does not remember seeing Moss, and the police report states that Moss had given a statement saying he was entering Old Troy Road from Glen Crossing Road.  Jones was cited for improper lane usage and pled guilty to the charge.  Jones testified that he was not aware of anything Moss could have done to avoid the accident.

2

In March 2007, Moss filed this lawsuit in state court alleging a claim for negligence. Jones removed this case to federal court on the basis of original diversity jurisdiction. He filed an amended answer that includes an affirmative defense of contributory negligence for Moss's failure to keep a careful lookout and failure to take evasive action to avoid the accident.

Moss then filed this motion for summary judgment based principally on Jones's deposition testimony about the accident and his assessment that there was nothing Moss could have done to avoid it. He argues that whether he approached the intersection from the north or west is not material because in both situations he would have had the right of way. Jones argues that the affirmative defense of contributory negligence, which is normally an issue for the jury, prevents summary judgment.

**III.  Analysis**

The Court finds that Moss has not met his summary judgment burden of demonstrating that he is entitled to judgment as a matter of law. Negligence cases are ordinarily not susceptible to summary adjudication and should instead be resolved at trial. *Trotter v. Anderson*, 417 F.2d 1191, 1192 (7th Cir. 1969); *see Gracyalny v. Westinghouse Elec. Corp.*, 723 F.2d 1311, 1316 (7th Cir. 1983) ("In negligence cases, questions concerning the reasonableness of the parties' conduct, foreseeability and proximate cause particularly lend themselves to decision by a jury. . . . Thus, summary judgment is rarely appropriate in negligence cases."); 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2729 (3d ed. 1998).

This is a close case. However, while the conduct of the parties is fairly clear, the assessment of whether that conduct meets the "reasonable person" standard may be subject to differing judgments by a reasonable jury. In an abundance of caution, the Court believes the question of the presence or absence of negligence, as well as the apportionment of it between the parties, should be left to a jury.

In view of this holding, Jones's motion to supplement the record with a deposition (Doc. 28) and

Moss's motion for leave to file that same deposition (Doc. 50) will be denied as moot. Even if the motions had not been moot, the Court would not have allowed the submission of a deposition without a brief explaining its significance and pointing the Court to specific relevant portions. It is not the Court's function to scour the record in search of evidence in support of or in opposition to a motion for summary judgment. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). Since the parties have already exhausted all the briefing (and more) permitted in connection with a summary judgment motion, there would have been no occasion to explain the significance of that deposition. In the future, the party moving for summary judgment would be well advised to obtain the necessary evidence before filing the motion, and the party opposing the summary judgment motion would be well advised to invoke Federal Rule of Civil Procedure 56(f) when it needs more evidence for its response rather than relying on the faulty assumption that infinite briefing on the motion will be allowed.

## IV.     Conclusion

For the foregoing reasons, the Court:

•       **DENIES** Moss's motion for partial summary judgment (Doc. 15);

•       **DENIES as moot** Jones's motion to supplement the record with a deposition (Doc. 28); and

•       **DENIES as moot** Moss's motion for leave to file that same deposition (Doc. 50).

**IT IS SO ORDERED.**
**DATED:  April 25, 2008**

                                                                        s/ J. Phil Gilbert
                                                                        **J. PHIL GILBERT**
                                                                        **DISTRICT JUDGE**