UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS D. MOSS,

    Plaintiff,

v.

BOBBIE G. JONES,

    Defendant.

Case No. 07-cv-322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Julius D. Moss's ("Moss") motion to set aside the Court's dismissal (Doc. 119) of this case so that the Court can decide Moss's motion to adjudicate health care services liens on his settlement (Doc. 118).

This case arose out of an automobile accident at an intersection in Madison County, Illinois, on February 26, 2007. On the eve of trial, the parties informed the Court that the case had settled and that entry of a "60-day order" was appropriate. A "60-day order" is a standard order used by the Court when cases have settled in principle but when the parties need additional time to consummate the settlement. The "60-day order" directs the Clerk of Court to enter judgment of dismissal with prejudice 60 days from the date of the order but allows the parties to petition the Court for a further delay if the settlement is not consummated within 60 days.

In this case, the Court entered a "60-day order" on September 25, 2008. No party petitioned the Court for an additional delay of entry of judgment, so on December 8, 2008 (actually 74 days after the "60-day order" was entered), the Clerk of Court entered judgment dismissing this case with prejudice. On January 8, 2009, the plaintiffs filed the pending motions asking the Court to vacate the judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6) so that it can adjudicate the liens on Moss's settlement.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in

exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It also allows the Court to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The extraordinary circumstances necessary for relief for "any other reason that justifies relief" under Rule 60(b)(6) generally require that the party seeking relief not be at fault for his predicament. 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 60.48[3][b] (citing *Klapprott v. United States*, 335 U.S. 601, *modified*, 366 U.S. 942 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950)).

Moss has not pointed to any extraordinary circumstances for which he was not at fault that would justify vacating the judgment in this case. Moss could have raised the lien adjudication issue within the 60-day period between the "60-day order" and entry of final judgment. If he was not satisfied with the apportionment of the settlement funds by the time final judgment was scheduled to be entered, he could have petitioned the Court to extend the time for entry of judgment until such matters were worked out to his satisfaction. That he did not does not justify vacating the final judgment under Rule 60(b)(6).

For this reason, the Court **DENIES** the motion to set aside the dismissal (Doc. 119) and the motion to adjudicate health care services liens (Doc. 118).

**IT IS SO ORDERED.**
**DATED: January 12, 2009**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**