UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIUS D. MOSS,

    Plaintiff,

v.

BOBBIE G. JONES,

    Defendant.

Case No. 07-cv-322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Julius D. Moss's ("Moss") motion to reconsider (Doc. 121) the Court's order denying his motion to set aside the Court's dismissal of this case so that the Court could decide Moss's motion to adjudicate health care services liens on his settlement.

As the Court noted in its prior order, this case arose out of an automobile accident at an intersection in Madison County, Illinois, on February 26, 2007. On the eve of trial, the parties informed the Court that the case had settled and that entry of a "60-day order" was appropriate. A "60-day order" is a standard order used by the Court when cases have settled in principle but when the parties need additional time to consummate the settlement. The "60-day order" directs the Clerk of Court to enter judgment of dismissal with prejudice 60 days from the date of the order but allows the parties to petition the Court for a further delay if the settlement is not consummated within 60 days.

In this case, the Court entered a "60-day order" on September 25, 2008. No party petitioned the Court for an additional delay of entry of judgment, so on December 8, 2008 (actually 74 days after the "60-day order" was entered), the Clerk of Court entered judgment dismissing this case with prejudice. On January 8, 2009, the plaintiffs asked the Court to vacate the judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6) so that it can adjudicate the liens on

Moss's settlement. The Court declined to do so, finding that there were no exceptional circumstances that would justify vacating the final judgment.

Moss now asks the Court to reconsider that decision. He implies he could not have requested an extension of the "60-day order" because he did not know how long of an extension he would need. However, his ignorance could not have prevented him from asking for an extension of indefinite length and explaining to the Court the situation.

He also argues it would be expedient to allow the Court to decide this issue in this forum and not in a new interpleader action. Expediency, however, cannot create jurisdiction where none exists. The Court dismissed this case with prejudice and did not retail jurisdiction to enforce the settlement. It therefore no longer has jurisdiction to make further rulings on substantive, non-collateral issues.

In making this decision, the Court is guided by *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572 (7th Cir. 2005), a case involving a post-judgment attempt to adjudicate an attorney's lien. In that case, a federal district court dismissed a tort case with prejudice pursuant to a settlement agreement. *Id.* at 574. The plaintiffs then asked the district court to quash the lien. *Id.* The Court of Appeals held that the case ended at the time of dismissal with prejudice and that the district court had no jurisdiction to adjudicate the attorney's lien after that point. *Id.* at 576. The Court of Appeals stated that "a case that is dismissed with prejudice is unconditional; therefore, it's over and federal jurisdiction is terminated." *Id.*

That is precisely what happened in this case. Although the Court would like to be able to take the most expedient course to adjudicate the liens in this case, it simply does not have the jurisdiction to do so. For this reason, the Court **DENIES** the motion to reconsider (Doc. 121). In so ruling, the Court expresses no opinion about whether the adjudication of the health care service

liens must occur in a federal forum or may be brought as a new and separate action in state court.

**IT IS SO ORDERED.**
**DATED:  February 2, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**